**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELIZABETH ANN DALEY, in her own
right and in her capacity as mother
of Evan Daley Hippeard
(Deceased), and as Personal
Representative of the Estate of Evan
Daley Hippeard,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2360

HANOVER COUNTY, Ex Rel Hanover
County Department of Social
Services; DEPARTMENT OF SOCIAL
SERVICES, Hanover County; THE
BOARD OF SOCIAL SERVICES OF
HANOVER COUNTY; GINNY FERGUSON;
JOHN TWISDALE,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-95-304-R)

Argued: March 7, 1996

Decided: May 24, 1996

Before NIEMEYER and MOTZ, Circuit Judges, and YOUNG,
Senior United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Thomas Ogburn Bondurant, Jr., BONDURANT & BEN-SON, P.C., Richmond, Virginia, for Appellant. Archibald Wallace, III, SANDS, ANDERSON, MARKS & MILLER, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** W. Todd Benson, BONDURANT & BENSON, P.C., Richmond, Virginia, for Appellant. L. Lee Byrd, SANDS, ANDERSON, MARKS & MILLER, P.C., Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this case, two-year-old Evan Hippeard was beaten to death by his father's girlfriend. Plaintiff, Evan's mother, brought suit, alleging that the county social service agency and its employees violated the Due Process Clause and 42 U.S.C. § 1983 by failing to protect Evan. The district court granted Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and Plaintiff appealed. We now affirm.

I

Plaintiff Elizabeth Ann Daley alleges that she was divorced from Steve Hippeard in July, 1993, and was awarded custody of their son Evan, and that Hippeard was awarded visitation rights. On March 31, 1994, while Evan was visiting Hippeard and Hippeard's live-in girlfriend, Lauren O'Dell, Plaintiff was informed that Evan's arm looked strange. The next day, Plaintiff took Evan to Dr. Mark Patrizzi, who found a fracture in Evan's upper right arm. Dr. Patrizzi filed a complaint of suspected child abuse with the Hanover County Department of Social Services, and the complaint was assigned to social worker

2

Ginny Ferguson, who was told by Plaintiff that her children had complained of violent behavior by O'Dell. Ferguson was also aware that another child had suffered a broken collarbone during a visit to Hippeard's home. Although Ferguson told Plaintiff that she would speak with Hippeard and O'Dell, Plaintiff alleges that Ferguson did not. On May 21, 1994, O'Dell beat Evan to death. Two days later, Ferguson and her supervisor John Twisdale sent Plaintiff a letter stating that the investigation had been "thorough" and that the "complaint against Ms. Daley" was unfounded. O'Dell was later convicted of first-degree murder.

Plaintiff brought this action under 42 U.S.C. § 1983 against defendants Hanover County, the Hanover County Department of Social Services, the Hanover County Board of Social Services, Ferguson and Twisdale. Defendants filed a Rule 12(b)(6) motion to dismiss. The district court granted that motion, concluding that sovereign immunity barred Plaintiff's claims against the governmental defendants and against Ferguson and Twisdale to the extent they acted in their official capacities. To the extent Ferguson and Twisdale acted in their individual capacities, the district court held, Plaintiff had failed to allege the type of state action required to maintain a suit under § 1983. We affirm the judgment of the district court.

II

An order granting a motion to dismiss is subject to de novo review. Medical Waste Associates v. Mayor and City Council of Baltimore, 966 F.2d 148, 150 (4th Cir. 1992).

Two cases, directly on point, are dispositive of Plaintiff's claims. In DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989), the county department of social services received complaints that the plaintiff was being abused by his father, but the department did not remove the child from the father's home. The boy's father eventually beat him so severely that he suffered permanent brain damage and was rendered profoundly retarded. The boy and his mother alleged violation of the Due Process Clause and sued under § 1983. The district court granted summary judgment, and the court of appeals affirmed. The Supreme Court also affirmed, concluding that the Due Process Clause was only a negative prohibition on

3

state action -- not a requirement of affirmative government protection against intrusions by private third parties."Because . . . the State had no constitutional duty to protect Joshua against his father's violence, its failure to do so -- though calamitous in hindsight -- simply does not constitute a violation of the Due Process Clause." Id. at 202. The Court rejected the argument that the state had created a "special relationship" requiring intervention, by distinguishing situations in which the state holds a person in custody and in which "the Constitution imposes upon it the corresponding duty to assume some responsibility for his safety and general well-being." Id. at 200.

In Pinder v. Johnson, 54 F.3d 1169 (4th Cir. 1995), a police officer assured the plaintiff that her abusive ex-boyfriend would be incarcerated overnight. However, the ex-boyfriend was released and set fire to the plaintiff's home, killing her three children. This Court, sitting en banc, held that the defendant police officer was entitled to qualified immunity, holding that "[q]ualified immunity under § 1983 shields officials from civil liability unless their actions violated clearly established statutory or constitutional rights of which a reasonable person would have known," id. at 1173 (citations omitted), and concluded that no due process right was clearly established. We held that DeShaney rejected the type of affirmative duty of protection that the plaintiff claimed in Pinder, id. at 1174-75, and rejected the plaintiff's claim that, by promising that the ex-boyfriend would be incarcerated overnight, the police officer created a"special relationship" requiring intervention. Id. at 1175. Because no due process right to protection was clearly established, the police officer was entitled to qualified immunity.

The facts in this case are, in all material respects, identical to those in DeShaney. In both cases, the government agency received a report of abuse and allegedly failed to conduct a prompt, adequate investigation. Those facts are insufficient to state a claim for violation of the Due Process Clause. Defendant Ferguson's alleged promise that she would interview Hippeard and O'Dell does not alter the analysis. "Promises do not create a special relationship-- custody does." Pinder, 54 F.3d at 1175. Plaintiff has not alleged that she or her son were ever restrained by, or in the custody, of the defendants. The Constitution does not require affirmative government protection under these circumstances.

4

Plaintiff relies on <u>Swader v. Commonwealth of Virginia</u>, 743 F. Supp. 434 (E.D. Va. 1990), but that case is readily distinguishable. In <u>Swader</u>, an inmate raped and killed the daughter of a prison employee who was required to live on prison grounds. The trial court concluded that the facts alleged in the complaint, if proved, were sufficient to show a "special relationship" and to constitute a cognizable claim under § 1983. In <u>Swader</u>, the government allegedly took the affirmative step of requiring the employee to live on the grounds and granted an inmate access to the area. There are no similar allegations of affirmative government action in the present case. Thus, Ferguson and Twisdale were entitled to qualified immunity to the extent they were acting in their individual capacities.

The district court concluded that the Eleventh Amendment barred Plaintiff's claims against the governmental defendants and against Ferguson and Twisdale to the extent they acted in their official capacities. For the most part, we agree. The Eleventh Amendment bars claims for monetary relief against state agencies and state employees acting in their official capacities. <u>Edelman v. Jordan</u>, 415 U.S. 651, 668 (1974).* It does not bar claims against a county itself. <u>Mt. Healthy City School District Board of Education v. Doyle</u>, 429 U.S. 274, 280 (1977). Therefore, Hanover County is entitled to no immunity. However, Hanover County is not a proper party in this case. Ferguson and Twisdale were employees.

The judgment of district court is

<u>AFFIRMED</u>.

_____

*In view of our holdings here, we need not reach the question of whether the complaint stated a cause of action under the Due Process Clause.

5